ANDREW J. PEMBROKE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41907.   Promulgated July 16, 1931.

*Allen H. Gardner, Esq.*, for the petitioner.
*John D. Kiley, Esq.*, for the respondent.

OPINION.

SMITH: This proceeding is for the redetermination of a deficiency of $2,139.64 in the petitioner's income tax for 1925. One issue, raised by the pleadings, is disposed of by the respondent's admission that the petitioner's income to the extent of $12,889.10 should be treated as earned income. The remaining issues for our determination relate to (a) the deductibility of commissions and legal fees paid to negotiate a 99-year lease upon real estate owned by the petitioner; (b) the amount of income received by the petitioner upon the execution of the lease; and (c) the extent to which the advance rental for the period December 10, 1925, to March 10, 1926, constitutes income in 1925.

The petitioner is the sole proprietor of an insurance agency in Columbus, Ohio, and also owns real estate in that city as an investment. In 1919 he leased property, designated as 82–90 North Front Street, for a term of 99 years, in consideration of an annual rental, payable quarterly in advance, of $8,500 for the first five years and $9,000 thereafter, and the transfer, in fee, of property, designated as 514–30 West Rich Street, subject to a $20,000 mortgage. The petitioner paid the real estate broker a commission of $5,700 for negotiating the lease, and his attorneys $275 for abstracting the title and preparing the lease. On his income-tax return for 1925 the petitioner deducted these amounts as ordinary and necessary expenses.

These deductions were properly disallowed by the respondent. See *Sigmund Spitzer*, 23 B. T. A. 776, and cases there cited. As indicated in the *Spitzer* case, " until reversed by higher authority," we must adhere to our previous decisions that such expenditures " should be spread ratably over the life of the lease," despite the District Court's decision to the contrary in *Daly* v. *Anderson*, 37 Fed. (2d) 728, cited by the petitioner.

The record indicates that the petitioner received the West Rich Street property as compensation or inducement for executing the 99-year lease. The property received by the petitioner was subject to a mortgage in the amount of $20,000. Affixed to the deed transferring the property to the petitioner were revenue stamps in the amount of $20, which indicates a " value of the interest or property conveyed, exclusive of the value of any lien or encumbrance remaining thereon at the time of sale," of $20,000. (See Title VIII,

sec. 800, Schedule A, Item 5, Revenue Act of 1924.) The respondent determined that the petitioner realized a profit upon the transaction in the amount of $10,000. The pleadings raised only an issue as to the inclusion of this amount in the petitioner's income for 1925. At the hearing the petitioner was allowed to amend the pleadings to conform to the proof on this issue and now contends that his equity in the property would not exceed $5,000, thereby putting at issue the value of the interest acquired. No sufficient evidence was offered to show a value less than the amount used by the respondent, which the petitioner alleged in the petition to be the fair market value of this equity. Furthermore, we do not consider, as contended by petitioner, that there was an exchange of properties within the purview of section 203 of the Revenue Act of 1926 (applicable to the taxable year 1925 by reason of the repeal of similar provisions of the 1924 Act by section 1200(a) of the 1926 Act), since the "property" in question was in the nature of a bonus for making the 99-year lease on the Front Street property. The bonus payment constituted income to the petitioner when received in 1925, to the extent of its fair market value. The respondent's determination on this point is sustained. *William Penn Hotel Co.*, 23 B. T. A. 566.

The extent to which the advance rental for the period December 10, 1925, to March 10, 1926, constitutes income to this petitioner in 1925 depends upon his method of reporting income from his real estate transactions. The petitioner kept a single entry account book for these transactions, separate and distinct from his insurance transactions. Certain pages of the account book were submitted in evidence. An examination of the entries on these pages indicates that the petitioner kept these accounts on a receipts and disbursements basis. For instance, for May, 1925, there appears an item, "fire insurance $261.00," which the petitioner testified represented the payment of the premium for a three-year term. That item was treated as an expense for the year 1925 in determining the income from the insured property. Further testimony of this petitioner shows that expense items were entered when paid and that rents were entered and received monthly except the rent under the 99-year lease, which was received quarterly. On December 10, 1925, the petitioner received the rent of $2,125 for the ensuing quarter. He entered upon his book only $472.22 of this amount as the balance of the rent for 1925. The respondent has added the balance, or $1,652.78, to the petitioner's 1925 income. We think that the full amount of the rent received in 1925 constituted income to this petitioner in that year, since he kept his books and reported his income from his real estate transactions upon the cash receipts and disbursements basis. The respondent has merely adjusted this item to put this income on the

same basis as the remainder of the income from, and the expenses of, the petitioner's real estate transactions, in order that the income from that source may be clearly reflected.

*Judgment will be entered under Rule 50.*